UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

NORTH POINTE HOLDINGS, LTD.

Debtor.
_____/

Case No. 18-24659-AJC

Chapter 15

## MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS

KAPILAMUKAMAL, LLP ("KapilaMukamal"), through its undersigned counsel and pursuant to Fed. R. Civ. P. 45(d)(3)(B), made applicable to this proceeding by Fed. R. Bankr. P. 9016, hereby files this Motion (the "Motion") to Quash Subpoena to Produce Documents and, in support thereof, states as follows:

## BACKGROUND

1.  On January 11, 2019, the Court entered the Order Recognizing Foreign Main Proceedings and Granting Additional Relief [ECF 22] (the "Recognition Order").

2.  Paragraph 7 of the Recognition Order states: "In accordance with section 1521(4) and the Federal Rules of Bankruptcy Procedure (the "F.R.B.P.") the Petitioners are authorized to conduct the examination of witnesses (including any and all parties or person subject to examination under F.R.B.P. 2004), the taking of evidence, or the delivery of information concerning the Debtor's assets, affairs, rights, obligations, or liabilities."

3.  This Chapter 15 proceeding is the main proceeding for approximately twelve (12) entities in total, stemming from the British Virgin Islands, the Cayman Islands, and Bermuda.

4.  On December 12, 2019, KapilaMukamal was served with a demand letter from Alston & Bird, LLP as attorneys for the liquidators (the "Demand"). The Demand requested all

1

documents related to KapilaMukamal's engagement by Gibson, Dunn & Crutcher, LLP ("GDC") including any and all email correspondence.

5.     On January 16, 2020, KapilaMukamal was served via electronic mail with the Subpoena to Produce Documents dated January 16, 2020 (the "Subpoena").

6.     In May 2014, KapilaMukamal was hired by Roberto Cortes, Juan Carlos Cortes, and Ernesto Weisson (the "Shareholders"), the shareholders for South Bay Holdings, LLC, through their counsel GDC. The Shareholders, GDC, and KapilaMukamal entered into a retainer agreement (Exhibit "A") (the "Retainer Agreement").

7.     The Retainer Agreement contains a confidentiality provision that prohibits KapilaMukamal from releasing the information requested in the Demand and the Subpoena. Specifically, the Retainer Agreement states:

> It is understood that (i) we will make a reasonable effort to be available upon reasonable advance notice; (ii) *we will keep confidential all information obtained, or analyses developed, in connection with this engagement or any related matter with respect to which Client may seek our advice and counsel;* (emphasis added) (iii) we will use such confidential information solely in connection with this engagement on behalf of the Client; (iv) we will preserve any written materials, including emails, generated or received in connection with this engagement; (v) we will not in the future consult for, or otherwise represent, any other person or entity with an interest adverse to the Shareholders' interests in or concerning this engagement or any related matter, or the events or occurrences out of which this engagement arises; and (vi) we will keep confidential our retention in this matter, unless and until Client authorizes us to waive this confidentiality.

8.     Pursuant to the retainer agreement, KapilaMukamal is prohibited from providing the requested information based on the Retainer Agreement signed by the GDC, the Shareholders, and KapilaMukamal in May 2014. KapilaMukamal has conferred by e-mail with GDC and made

multiple attempts to obtain consent from their former clients; however, KapilaMukamal has not received an affirmative response.

## ARGUMENT AND RELIEF REQUESTED

9. KapilaMukamal hereby seeks to quash the Subpoena in accordance with Fed. R. Civ. P. 45(d)(3)(B) as the Subpoena contains several defects making the Subpoena ineffective. Alternatively, Kapila requests entry of an order protecting it from violating the confidentiality agreement provided through the Retainer Agreement.

10. First, the Subpoena is due to be quashed as it appears that the Subpoena was not properly served on all interested parties pursuant to Fed. R. Civ. P. 45(a)(4), made applicable to this proceeding by Fed. R. Bankr. P. 9016, prior to service on KapilaMukamal.

11. Fed. R. Civ. P. 45(a)(4) requires that "a notice of a copy of the subpoena must be served on each party" before a subpoena seeking the production of documents, electronically stored information, or tangible things or the inspection of premises, before it is served on the person to whom it is directed. *Fed. R. Civ. P. 45(a)(4).* It is apparent from a review of the docket that notice of the Subpoena was not provided to all parties in interest before being served on KapilaMukamal.

12. Additionally, the Subpoena is unclear as to whether or not it is a request for documents under Rule 2004 or, if it is being served in relation to a pending contested matter. If, in fact, the Subpoena is seeking documents under Rule 2004, then the only documents that may be subpoenaed must relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." *See Fed. R. Bankr. P. 2004(b).* It is unclear how the requested information pertains to the scope of Rule 2004. Furthermore, if the Subpoena is a request for documents relevant to Rule 2004, the

liquidators have failed to comply with Local Rule 2004-1(A), which requires "the filing [of] Local Form 'Notice of Rule 2004 Examination."

13. Importantly, the Debtors, as provided for in the Recognition Order are not the same as the individuals to whom KapilaMukamal was providing consulting services. Specifically, KapilaMukamal's representation was of a law firm, GDC, regarding three individual as shareholders with regard to South Bay Holdings LLC, about a connection to a Securities and Exchange Commission investigation into Biscayne Capital International LLC.[1] To be clear, South Bay Holdings LLC is not an entity subject to these proceedings as a foreign debtor.

14. Finally, pursuant to Fed. R. Civ. P. 45(d)(3)(B), the Court may quash or modify a subpoena in order to "protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: Disclosing a trade secret or other confidential research, development, or commercial information." *Fed. R. Civ. P. 45(d)(3)(B)*.

15. As specifically set forth in paragraph 7, above, KapilaMukamal is prohibited from providing the information requested by the Subpoena based upon the Retainer Agreement signed by the GDC, the Shareholders, and KapilaMukamal in May 2014. KapilaMukamal can release the information with consent from the clients; however, to date, Kapila has not received an affirmative response.

16. Accordingly, KapilaMukamal seeks the entry of an order quashing the Subpoena consistent with Fed. R. Civ. P. 45(d)(3)(B). Alternatively, in the event the Subpoena is properly served in accordance with Fed. R. Civ. P., KapilaMukamal requests entry of an order protecting it from violating the confidentiality provision of the Retainer Agreement.

---

[1] Which is a similar, but albeit different, name to Debtor Biscayne Capital (B.V.I.) Ltd.

**WHEREFORE**, KAPILAMUKAMAL, LLP respectfully requests the entry of an order (i) quashing the Subpoena or, alternatively, protecting KapilaMukamal, LLP from violating the confidentiality provision provided for through the Retainer Agreement, and (ii) awarding such other and further relief as this Court deems just and proper.

Dated: January 28, 2020.

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        *Attorneys for KapilaMukamal, LLP*
        100 SE 2nd Street, Suite 4400
        Miami, Florida 33131
        Tel: (305) 349-2300
        Fax: (305) 349-2310

        By: */s/ Paul J. Battista*
            Paul J. Battista, Esq.
            Fla. Bar No. 884162
            Email: pbattista@gjb-law.com
            Eric D. Jacobs, Esq.
            Fla. Bar No. 85992
            Email: ejacobs@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 28th day of January 2020, a true and correct copy of the foregoing document was served electronically to all registered users by virtue of the Court's CM/ECF System.

        By: */s/ Paul J. Battista*
            Paul J. Battista, Esq.
            Eric D. Jacobs, Esq.