UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

NORTH POINTE HOLDINGS (BVI) LTD.          Case No. 18-24650-SMG
(in Liquidation) et al.,                  Chapter 15

     Debtors in a Foreign Proceeding.          Jointly Administered

_____/

### AVILA PARTIES' MOTION TO QUASH LOPEZ PLAINTIFFS' TRIAL SUBPOENAS, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

### Emergency Hearing Requested

The Court ruled at a March 11, 2026 hearing, that it would conduct an evidentiary hearing on the Foreign Representatives' motion to approve a settlement agreement with the Avila Parties on April 28, 2026, and permit related discovery. The Lopez Plaintiffs waited until April 1, 2026 to serve the Avila Parties with discovery, which was under Fed. R. Civ. P. 30(b)(6). The Avila Parties timely objected to the discovery which was not resolved. The Lopez Plaintiffs did not seek to compel the discovery. Instead, on April 21, 2026, at 9:45 p.m., they filed and served trial subpoenas on a "corporate representative" and "records custodian" of the Avila Firm to testify and produce documents at trial. The trial subpoenas, which mirror the 30(b)(6) discovery, should be quashed. As it relates to testimony, they impermissibly fail to name a specific records custodian or corporate representative as required by Rule 45 and ignore that a trial witness can only testify as to personal knowledge, thus nullifying the ability to compel trial testimony of a "corporate representative." As it relates to the document request, they ignore that a trial subpoena can only compel production of documents under limited circumstances not present here, and that the proper mechanism to obtain the documents was through the discovery process. This is particularly true where the requests are broadly worded and consist of categories of documents rather than specific documents that would be treated as exhibits. Furthermore, the trial subpoenas do not permit a reasonable time for compliance. **The Avila Parties request an emergency hearing, <u>at least one day in advance of the April 28, 2026 hearing on the motion to approve the settlement agreement,</u> to confirm they need not comply with the trial subpoenas.[1]**

---

[1] The undersigned counsel for the Avila Parties called counsel for the Lopez Plaintiffs on the morning of April 23, 2026 to confer regarding this motion but was unable to reach him. Given the timing of the hearing on the motion to approve settlement, and the fact that the parties did confer regarding the related discovery but did not resolve the disputes, the Avila Parties are filing this emergency motion now.

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIRCLE FLOOR 8 I CORAL GABLES, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

Avila Rodriguez Hernandez Mena & Ferri, LLP n/k/a Avila Rodriguez Hernandez Mena & Garro LLP (the "Avila Firm"), pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure ("FRCP"), as incorporated into Rules 7026 and 9016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 9075-1, file this motion to quash or in the alternative for a protective order, and in support thereof, state as follows:

**Background**

1.      On December 18, 2025, the Foreign Representatives filed their motion to approve a settlement agreement with the Avila Parties (the "Motion to Compromise," Dkt. No. 404).

2.      On March 11, 2026, the Court held a hearing on the Lopez Plaintiffs' February 26, 2026 motion to extend time to object to the Motion to Approve Compromise (Dkt. No. 410). At the hearing, the Court authorized the Lopez Plaintiffs to take discovery and set an evidentiary hearing on the Motion to Compromise for April 28, 2026.

3.      On March 12, 2026, the Court entered an order setting the evidentiary hearing (Dkt. No. 413), which included a deadline of April 22, 2026 to exchange exhibits and April 24, 2026 to object to the exhibits.

4.      On April 1, 2026, the Lopez Plaintiffs served a Notice of Taking Deposition Duces Tecum of the Records Custodian of the Avila Firm (Dkt. No. 420), and Subpoena Duces Tecum on the Records Custodian of the Avila Firm (collectively, the "Pre-Trial Discovery") requesting the production of 7 categories of documents and the appearance of a records custodian at a deposition on April 17, 2026. A copy of the Pre-Trial Discovery is attached as **Composite Ex. A**.

5.      On April 14, 2026, the Avila Parties served their objection to the Pre-Trial Discovery (the "Discovery Objection"). A copy of the Discovery Objection is attached as **Ex. B**. The objection was not resolved, and the Lopez Plaintiffs did not file a motion to compel.

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIRCLE FLOOR 8 I CORAL GABLES, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

6.     On April 21, 2026, at approximately 9:45 pm, the Lopez Plaintiffs filed and served two trial subpoenas (the "Trial Subpoenas"), including: (a) a subpoena to the records custodian of the Avila Firm to (i) appear and testify at the evidentiary hearing, and (ii) produce the same 7 categories of documents requested by the Discovery, and (b) a subpoena to a corporate representative to appear and testify at trial regarding four topics, including the documents requested (the "Trial Subpoenas," Dkt. Nos. 430 and 431).

## Argument

The Court should quash the Trial Subpoenas, or alternatively, enter a protective order in favor of the Avila Parties, for the following reasons.

### A. Trial Attendance Testimony

As it pertains to the effort to compel trial attendance and testimony, the Court should quash the Trial Subpoenas or provide protection to the records custodian and corporate representative. First, a party cannot use a Rule 45 trial subpoena to compel the testimony of an *unnamed* records custodian or corporate representative. *See In Hill v. Homeward Residential, Inc.,* 799 F.3d 544, 553 (6th Cir. 2015)(Rule 45(a)(1)(A)(3) requires the party to specify the "person" subpoenaed). Rule 45 was made to be "technical" and parties are not permitted to temper its specific requirements. *Id*.; *Dopson-Troutt v. Novartis Pharm. Corp.*, 295 F.R.D. 536, 539-40 (M.D. Fla. 2013) (quashing subpoena to "Corporate Representative with [] knowledge re: doc's produced/business records").

Second, the rules do not permit a party to compel the attendance at trial of a "corporate representative" of an entity because at trial, the Federal Rules of Civil Procedure give way to the Federal Rules of Evidence ("FRE") which precludes hearsay testimony. Under FRCP 30(b)(6), a party may ***depose*** an entity about certain topics, and the entity must designate a witness(es) to present the entity's position, and the witness may testify on matters outside of his personal

knowledge. Fed. R. Civ. P. 30(b)(6). While FRCP 30(b)(6) permits **deposition** testimony to be based on matters outside of a witness' personal knowledge, FRE 602 limits **trial** testimony to matters within a witnesses' personal knowledge. *Indus. Eng'g & Dev., Inc. v. Static Control Compon., Inc.,* 2014 WL 4983912, at \*3 (M.D. Fla. Oct. 6, 2014). The prohibition against using a "corporate representative" to testify on matters outside of personal knowledge at trial has been confirmed by a long and unbroken line of cases. *See, e.g., Radke v. NCL (Bahamas) Ltd.*, 2021 WL 1738928, at \*2 (S.D. Fla. 2021) ("[W]hile Rule 30(b)(6) does not require a corporate deponent to have direct personal knowledge of the matters to which he or she testifies, [FRE] 602 limits the [] trial testimony to matters that are within his [or her] personal knowledge.").

### B. Production of Documents at Trial

As it relates to the production of documents, the Court should also quash the Trial Subpoenas for several reasons. First, the rules do not permit a trial subpoena to request the production of documents at trial except in limited circumstances – namely, "for the purposes of securing materials for memory refreshment, trial preparation, or to ensure the availability at trial of original records previously disclosed in discovery." *See, e.g*., *Edwards v. Speedway, LLC*, 2019 WL 13066872, at \*2 (S.D. Fla. Aug. 27, 2019). Those limited circumstances are not present here. The documents requested by the Trial Subpoenas are the same as those requested in the Pre-Trial Discovery. *See, e.g., Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002) (quashing trial subpoenas using same broad language in document request seeking production of entire categories of documents rather than itemizing specific documents as exhibits at trial). The Trial Subpoenas' request for documents are nothing more than ordinary discovery requests that are not permitted for use at trial.

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIRCLE FLOOR 8 I CORAL GABLES, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

Second, the Avila Parties incorporate all of their objections to the request for production of documents set out in the Pre-Trial Discovery as grounds for quashing the request for documents in the Trial Subpoenas, or alternatively, providing protection to the Avila Parties. *See*, Ex. B. For instance, Requests 1 through 4 impermissibly seek disclosure of confidential information, including the tax returns in Request 1, and insurance related information in Requests 2 through 4.

Their request to see the tax returns of the Avila Firm is particularly troublesome because of the risk that they impermissibly use that information in connection with the State Court Action. As noted, the Lopez Plaintiffs filed that action in February 2020, voluntarily dismissed it in July 2020, and have not taken any material action since that time. Thus, to the extent that the Court requires the production of tax documents, the Avila Parties request that the Court review the documents *in camera*, and not require their production to the Lopez Plaintiffs.[2]

### D. <u>The Trial Subpoenas Were Untimely Served</u>

Rule 45(d)(3)(A) establishes that on a timely motion, the court "*must* quash or modify a subpoena that fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). Although Rule 45 does not specify a specific number of days to compel attendance, courts set a benchmark of 14 days to compel attendance or production on the basis that Rule 45(d)(2)(B) permits objections within 14 days of service.[3] *See, e.g., United Healthcare Servs., Inc. v. Next Health, LLC*, 2021 WL 4734503, at *1 (N.D. Tex. Sept. 29, 2021)(noting proposition that deadlines

---

[2] In the event the Court requires the production of any tax documents, the Avila Parties request that the Court direct that such documents and testimony be **<u>sealed</u>**. Section 107(b) of the Bankruptcy Code permits the bankruptcy court, for cause, to protect an entity with respect to "commercial information," and section 107(c) permits the bankruptcy court, for cause, to "protect an individual with respect to…any means of identification contained in a paper filed…or that would create an undue risk of identity theft or unlawful injury to the individual or individual's property." The Court should authorize the sealing of the tax documents and related testimony because the tax returns contain sensitive and confidential financial information, including or highly personal account details, salary and business strategies, thus putting them at undue risk of identity theft and unlawful injury to them and their property.

[3] Notably, the Local Rules of this Court similarly require 14 days' notice for attendance at a 2004 examination. *See* Local Rule 2004-1(B).

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIRCLE FLOOR 8 I CORAL GABLES, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

"less than *14 days* [are] likely unreasonable."); *Jones v. Singing River Health Sys.,* 2016 WL 2851332, at \*2 (S.D. Miss. 2016)("….[C]ourts often assume that a minimum of fourteen days is required, because the deadline for objecting to subpoenas is fourteen days after service."). Furthermore, 7-days' notice is not a reasonable time to comply with attendance at a trial. *See, e.g., Piazza v. Associated Wholesale Grocers, Inc.,* 2019 WL 13275793, at \*3 (E.D. La. Feb. 22, 2019)("Seven days is 'clearly unreasonable, particularly when the 14–day period for serving objections under Rule 45(c)(2)(B) is generally considered a reasonable time.'").

The Trial Subpoenas seek to compel the trial testimony and production of documents within a 7-day time frame. This is impermissibly short and the Trial Subpoenas should be quashed.

**WHEREFORE**, the Avila Parties respectfully request that the Court (i) quash the Trial Subpoenas, (ii) alternatively, provide them with protection in connection with any document production or testimony, and (iii) for such other and further relief as the Court deems just.

Dated: April 23, 2026

Respectfully submitted,

/s/Andrew D. Zaron
Andrew D. Zaron, Esq.
 Florida Bar No. 965790
Laurie Uustal Mathews
 Florida Bar No. 120618
**LEÓN COSGROVE JIMÉNEZ, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone:  305.740.1975
Facsimile:   305.351.4059
Email:  azaron@leoncosgrove.com
Email:  lmathews@leoncosgrove.com

*Counsel for Avila Rodriguez Hernandez Mena & Ferri LLP and Alcides I. Avila*

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIRCLE FLOOR 8 I CORAL GABLES, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2026, a true and correct copy of the foregoing document was filed electronically, through the Court's CM/ECF system, which will in turn, send a notice of electronic filing to all counsel of record.

/s/ Andrew D. Zaron
Andrew D. Zaron, Esq.

7